# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| CLEAVON WREN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 3:05-CV-0700 PS |
| ) | |
| JOHN R. VANNATTA, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Petitioner Cleavon Wren, a prisoner confined at the Miami Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. On April 29, 2005, a Disciplinary Hearing Board (DHB) found Mr. Wren guilty of battery and imposed a 60-day loss of earned credit time. Mr. Wren appealed unsuccessfully to the Superintendent and the final reviewing authority. Mr. Wren asserts in his petition that the DHB's finding of guilt was "unsupported by 'some evidence.'" (Petition at p. 3). He also suggests that problems with the camera surveillance camera "denied [him] the ability to present a fair defense." (Petition at pp 4-5).

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974).

There must be "some evidence" in the administrative record to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985). This is a lenient standard, requiring no more than "a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). Even evidence that can be characterized as meager is sufficient to support the revocation of good-time credits so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id.* (citing *Hill*, 472 U.S. at 457). "The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."*Id.* (citing *Hill*, 472 U.S. at 455-56).

The DHB relied on the conduct report and a staff witness statement to find Mr. Wren guilty. In the conduct report, Correctional Officer Pindell states that on April 21, 2005, Mr. Wren and inmate Adrian Cawthon were playing basketball. Officer Pindell saw Cawthon grab his nose, shove Mr. Wren and run into the restroom. Mr. Wren followed Cawthon into the restroom and then came running out. Officer Pindall looked into the restroom and saw that Cawthon's left eye was swelling up. When Cawthon came out of the restroom, "both offender[s] started throwing punches with close[d] fists & wrestling." (Respondent's Exhibit A). Correctional Sergeant Perdue wrote a witness statement in which he stated that he was called to the scene by Officer Pindell, who told him that Cawthon and Mr. Wren had an altercation in the restroom. He then saw the two inmates run toward each other and start fighting. (Respondent's Exhibit B).

A conduct report alone may be sufficient evidence to support a finding of guilt. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Officer Pindell's conduct report was based on his personal observations. Sergeant Perdue's witness statement corroborated that Cawthon and Mr. Wren fought in his presence. The DHB provided a

sufficient statement of the evidence relied on, and the DHB's statement establishes that there was some evidence in the record supporting its conclusion

A prisoner has the right to present evidence, including asking the DHB to review surveillance videotapes. *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003). Mr. Wren asked for the DHB to review a surveillance videotape that he believed would assist him. The board watched the video, but noted that the incident was "not caught on camera" because of "technological difficulties." (Respondent's Exhibit H). The fact that the tape did not capture the incident does not deprive Mr. Wren of due process or prevent him from presenting a defense to the charge against him.

For the foregoing reasons, the court **DENIES** this habeas corpus petition.

**SO ORDERED**.

ENTERED: December  21, 2006

                                        s/ Philip P. Simon
                                        PHILIP P. SIMON, JUDGE
                                        UNITED STATES DISTRICT COURT